# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

July 23, 2026

Lyle W. Cayce
Clerk

No. 25-20366

Candel & Partners SAS,

*Movant—Appellant*,

*versus*

ExxonMobil Corporation,

*Defendant—Appellee*.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:24-MC-1948

_____

Before Elrod, *Chief Judge*, and Ho and Ramirez, *Circuit Judges*.

Per Curiam:[*]

Appellant Candel & Partners SAS obtained a subpoena pursuant to 28 U.S.C. § 1782 in its effort to discover materials relating to matters litigated in a French judicial proceeding against a former subsidiary of Appellee ExxonMobil. ExxonMobil successfully quashed the subpoena. Candel appeals, asserting both procedural and substantive error. We AFFIRM.

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 25-20366

I

Candel is a French investment company and minority shareholder of Esso SAF, a publicly-traded company that refines and distributes petroleum products in France.  Until 2025, ExxonMobil held a controlling interest in Esso.

Candel suspected that Esso was entering into agreements that benefited ExxonMobil at the expense of minority shareholders.  As a result, Candel sought an appraisal of Esso's agreements and other related documents.  After numerous appeals and procedural hurdles, resulting in Candel withdrawing its inspection request, Candel filed an action similar to a shareholder derivative suit in a French court, all in its continued effort to obtain documents from Esso.

Shortly thereafter, Candel filed an *ex parte* application to seek discovery from ExxonMobil pursuant to 28 U.S.C. § 1782 in the Southern District of Texas.[1]  Section 1782 permits United States district courts to assist litigants in proceedings pending before a foreign or international tribunal by ordering a person within the district "to give his testimony or statement or to produce a document" for use in the tribunal.  28 U.S.C. § 1782(a).  The district court granted Candel's *ex parte* application and authorized Candel to serve ExxonMobil with a subpoena for the production of documents and to submit for deposition testimony.

ExxonMobil moved to quash the subpoena, arguing that Candel's discovery request was "facially overbroad" and sought "highly confidential and protected documents of Esso SAF" that Candel had no right to obtain.

---

[1] "Section 1782 petitions are often initially considered *ex parte*."  *Banco Mercantil de Norte, S.A. v. Paramo*, 114 F.4th 757, 758 (5th Cir. 2024).  Once the target of the discovery request is served, the target may file a motion to quash.  *Id.*

2

After hearing oral argument, the district court granted ExxonMobil's motion to quash from the bench, concluding that the "balance of authority" under the four discretionary factors enumerated in *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241 (2004), "cut[] sharply toward Exxon." Candel filed a motion for reconsideration, which the district court denied, again determining that the *Intel* factors weighed against discovery and rejecting Candel's request to narrow the subpoena's scope. Candel timely appealed.

## II

We review discovery rulings, such as decisions on motions to quash, for abuse of discretion. *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 817 (5th Cir. 2004). Under this standard, we "will affirm the district court's decision unless it is 'arbitrary or clearly unreasonable.'" *Tex. Keystone, Inc. v. Prime Nat. Res., Inc.*, 694 F.3d 548, 554 (5th Cir. 2012) (quoting *Wiwa*, 392 F.3d at 817). "In § 1782(a) litigation, . . . we review a district court's weighing of the *Intel* factors for abuse of discretion." *Banco Mercantil de Norte, S.A. v. Paramo*, 114 F.4th 757, 760 (5th Cir. 2024) (quoting *Banca Pueyo SA v. Lone Star Fund IX (US), L.P.*, 55 F.4th 469, 473 (5th Cir. 2022)).

## III

On appeal, Candel raises two arguments regarding the grant of ExxonMobil's motion to quash, one procedural and one substantive. First, Candel asserts that the district court provided insufficient reasoning for quashing the subpoena. Second, it contends that the district court abused its discretion in concluding that the *Intel* factors "cut against" permitting Candel's § 1782 discovery request. Candel further asserts that, if the

3

discovery request was overbroad, the district court should have narrowed the scope of the subpoena.[2]  Candel's arguments are without merit.

A

Courts exercise discretion and weigh the four *Intel* factors when assessing discovery requests under § 1782: (1) whether "the person from whom discovery is sought is a participant in the foreign proceeding," since "nonparticipants in the foreign proceeding may be outside the foreign tribunal's jurisdictional reach" leaving their evidence "unobtainable absent § 1782(a) aid"; (2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance"; (3) "whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States"; and (4) whether the § 1782(a) request is "unduly intrusive or burdensome." *Intel Corp.*, 542 U.S. at 264–65.

Our circuit has determined that district courts "must offer *some* explanation" when granting or denying motions to quash § 1782 discovery. *Paramo*, 114 F.4th at 762 (emphasis added).  "[A] cursory statement . . . is not sufficient." *Id.*; *see also Tex. Keystone*, 694 F.3d at 555 (concluding that a district court abuses its discretion if it provides "no reasons for its decision"); *Sandsend Fin. Consultants, Ltd. v. Fed. Home Loan Bank Bd.*,

---

[2] Candel relies on *Bravo Express Corp. v. Total Petrochemicals & Refining U.S.*, 613 F. App'x 319, 325 (5th Cir. 2015), in arguing that the district court should have narrowed Candel's discovery request rather than quashing it outright.  But in *Bravo Express*, we focused on the district court's failure to provide "any explanation" prior to quashing the subpoena, which is unlike the court's reasoned decision here. *Id.* at 324.  We further explained that the district court's failure to provide any reasoning in support of its decision was intensified by its refusal to give the movant notice of the deficiency or the opportunity to cure any defects in the subpoena. *Id.* at 325.

878 F.2d 875, 877–78 (5th Cir. 1989) (reversing an order quashing a subpoena where the district court did so without waiting for a response, without holding a hearing, and without issuing a reasoned opinion); *Bravo Express Corp. v. Total Petrochemicals & Ref. U.S.*, 613 F. App'x 319, 325 (5th Cir. 2015) (concluding that a district court abuses its discretion "when it does not explain its reasoning"). We have held that the district court must merely provide "sufficiently specific reasons to enable meaningful appellate review" of its exercise of discretion. *Vantage Health Plan, Inc. v. Willis-Knighton Med. Ctr.*, 913 F.3d 443, 452 (5th Cir. 2019).

B

We are satisfied both that the district court provided adequate reasoning in quashing the subpoena and that it did not abuse its discretion in determining that the *Intel* factors favored ExxonMobil.

The district court plainly provided "some explanation" in granting the motion to quash. *See Paramo*, 114 F.4th at 762. During and after oral argument, the district court "meaningfully engage[d] with . . . the § 1782 inquiry." *See id.* It explained why it favored quashing the subpoena and applied each of the *Intel* factors. For the first and second factors, though it acknowledged that Exxon was not a participant in the French action, the court expressed "no doubts about the integrity of the foreign tribunal" and found no basis for Texas court assistance, concluding that the French tribunal had the ability to order production of relevant documents within its own jurisdiction. On the third factor, the court explained that there was evidence that Candel was attempting to circumvent "foreign proof-gathering restrictions," referencing Candel's unsuccessful attempts to obtain the same information in the French proceedings. Under the fourth factor, the court determined that Candel's request was "too broad and intrusive and burdensome." In fact, throughout the hearing, the court expressed concern

about the broad and burdensome nature of Candel's discovery requests, questioning whether Candel's requests to ExxonMobil were sufficiently tailored to Esso.

Candel's complaint that the district court's "single-paragraph oral ruling—containing conclusions but no reasoning—fails to facilitate this Court's effective appellate review" is unavailing. We are not rigidly confined to the district court's final summary statement when evaluating the adequacy of its explanation. As in other contexts, we may examine the record and proceedings as a whole to determine whether the basis for district court's ruling is sufficiently clear. *See, e.g.*, *United States v. Handlon*, 53 F.4th 348, 351 (5th Cir. 2022) (in the compassionate-release context, holding that, "[i]n determining whether a district court sufficiently explained itself" for purposes of abuse-of-discretion review, "we look to the entire record and the circumstances in which it was created"); *Featherstone v. Barash*, 345 F.2d 246, 250 (5th Cir. 1965) (in the Fed. R. Civ. P. 52 context, holding that "[f]indings may be sufficient if they permit a clear understanding of the basis of decision of the trial court, irrespective of their mere form or arrangement"). Here, considering the entirety of the motion hearing transcript, the district court sufficiently explained its reasoning.

Candel has also failed to show that the district court abused its discretion in determining that the *Intel* factors favored ExxonMobil. The district court explicitly considered each of the four factors, supporting its conclusions with explanation. Nothing suggests that its reasoning was either unsound or contrary to our precedent. And Candel is incorrect in arguing that, when evaluating the second *Intel* factor, the district court was required to identify "authoritative proof" that the foreign tribunal would "reject" the requested discovery. Our precedent has not adopted such a requirement when assessing whether the foreign tribunal would be receptive to assistance

from a U.S. federal court.[3]  Because the district court's decision was not "arbitrary or clearly unreasonable," we will not overturn it.  *See Tex. Keystone*, 694 F.3d at 554.

## IV

The district court's judgment is AFFIRMED.

---

[3] Contrary to Candel's reading, we did not adopt an "authoritative proof" requirement in *Ecuadorian Plaintiffs v. Chevron Corporation.* 619 F.3d 373 (5th Cir. 2010). In *Ecuadorian Plaintiffs*, the relevant analysis concerned whether the district court abused its discretion when considering the plaintiffs' assertion that the material sought in § 1782 discovery was entitled to work product immunity.  *Id.* at 377–79.  This analysis does not speak to the second *Intel* factor, which instructs that courts look to "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance."  *See Intel*, 542 U.S. at 264.